UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**DOROTHY BURSE,**

      **Plaintiff,**

**vs.**

                                      **CASE NUMBER: 8:20-cv-03104**

**TROOPER B. HARTZIG (ID #**
**FHPT09PERA00033);**
**COLONEL GENE SPAULDING,**
**in his official capacity as**
**Director of the FHP; and**
**SHERIFF BOB GUALTIERI,**
**in his official capacity as**
**Sheriff of Pinellas County;**

      **Defendants.**

_____/

## COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL

      **COMES NOW** the Plaintiff, DOROTHY BURSE (BURSE), and sues the Defendants,

TROOPER B. HARTZIG (TROOPER), COLONEL GENE SPAULDING (SPAULDING), and

SHERIFF BOB GUALTIERI (GUALTIERI) and alleges:

## GENERAL ALLEGATIONS

      1.     This action arises from the wrongful arrest of BURSE by TROOPER on January 3,

2017.

      2.     The damages sought in this action exceed $75,000, exclusive of interest, costs, and

attorney's fees.

      3.     The § 768.28 Notice of Claim has been forwarded and served more than six (6)

months ago on the TROOPER and DIRECTOR and related entities.

4.      Venue is proper in the Middle District of Florida because the wrongful arrest of BURSE occurred in Pinellas County, Florida.

5.      This Court has jurisdiction over the state law claims asserted herein, and it also has concurrent jurisdiction over the federal claims for violations of BURSE's Civil Rights asserted herein. The Court has both personal jurisdiction over the defendants and subject matter jurisdiction to hear Plaintiff's claims herein.

6.      At all times material, Plaintiff BURSE is *sui juris* and was a resident of Pinellas County, Florida.

7.      Defendant TROOPER upon information and belief, is a resident of Pinellas County, Florida, and is *sui juris*. At all times material, TROOPER was acting under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or the Florida Highway Patrol. Defendant, TROOPER, is sued in his individual capacity.

8.      Defendant SPAULDING is the Director of Florida Highway Patrol and the constitutional officer to be sued for wrongful acts of the Director's troopers. The Florida Highway Patrol is the government entity that employed TROOPER and was his employer when the false arrest of BURSE occurred. Defendant, SPAULDING, is sued in his official capacity only.

9.      Defendant GUALTIERI is the Sheriff of Pinellas County and the constitutional officer to be sued for wrongful acts of sheriff's deputies. The Pinellas County Sheriff's Department is the local government entity that employed DEPUTY and was his employer when the attack upon TAYLOR occurred. Defendant, GUALTIERI, is sued in his official capacity only.

10.      Defendant, GUALTIERI, runs the Pinellas County Sheriff's Office which is an Agency of the State of Florida which administers and operates the Pinellas County Jail.

11.     At all times relevant to this action, Defendant, GUALTIERI, employed the correctional officers who worked at the Pinellas County Jail.

12.     All conditions precedent to filing this suit have been satisfied, performed, waived, or otherwise satisfied.

## **FACTS**

13.     On January 3, 2017, Trooper Hartzig was dispatched to the area of 54th Ave. N. and 66th Street N. in reference to a traffic collision involving a school bus, driven by Mrs. Burse and an unknown vehicle that fled the scene. There was a minor scuff mark on the rear of the bus.

14.     According to Trooper Hartzig, Mrs. Burse appeared to be nervous. She also had constricted pupils, dry mouth, slurred speech/thick tongue, confusion, unsteadiness on her feet and appeared to be disoriented and lethargic. Based on these observations, Trooper Hartzig believed Mrs. Burse was under the influence of a controlled substance.

15.     A review of the dash camera video shows field sobriety exercises were completed with little issue. Also, Mrs. Burse can be heard telling the trooper that she was currently taking her prescribed medication, Bactrim.

16.     TROOPER had a reasonable duty to look up the readily available information regarding Bactrim. A simple google search reveals the side effects of Bactrim could include dizziness and tiredness.

17.     As a matter of law, Bactrim is not a controlled substance under Florida law, and therefore cannot be used as a basis to arrest her for driving under the influence. Bactrim is an antibiotic.

18.     TROOPER had a duty to determine the cause of any impairment was from alcohol or a controlled substance. Otherwise the TROOPER is falsely arresting people for taking their prescribed

antibiotics.

19.     Regardless of this information, Mrs. Burse was arrested for DUI and child neglect and taken to the Pinellas County Jail.

20.     While there, Mrs. Burse submitted two breath samples for a breath test to determine her breath alcohol content. The test results were 0.00 and 0.00, indicating that Mrs. Burse was not under the influence of alcohol and certainly not to the extent that her normal faculties were impaired.

21.     Even with this exonerating evidence, Mrs. Burse was not immediately released from the Pinellas County Jail because of the Sheriff's policy to detain all pre-trial inmates who have been arrested for DUI for a minimum of eight (8) hours.

22.     Mrs. Burse also submitted urine for a urinalysis which came back clear of any controlled substances.

23.     Ultimately, the charges against Mrs. Burse were dismissed by the State Attorney's Office.

<u>**COUNT I – SECTION 1983 FALSE ARREST**</u>

<u>**CLAIM AGAINST TROOPER**</u>

24.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 23 above, and further alleges:

25.     Plaintiff was unlawfully seized by Defendant, TROOPER, through the intentional confinement of Plaintiff when Defendant placed her in handcuffs, in the back of his patrol car, and transported her to the Pinellas County Jail.

26.     The warrantless arrest of Plaintiff without arguable probable cause violated Plaintiff's Fourth Amendment rights.

27.     The facts and circumstances within Defendant's knowledge, assuming he had

reasonably trustworthy information, would not cause a prudent officer to believe, under the circumstances shown, that Plaintiff had committed or was committing a criminal offense.

28.     A reasonable officer in the same circumstances and possessing the same knowledge as Defendant could not have believed that probable cause existed to arrest Plaintiff.

29.     The unlawful seizure caused the Plaintiff to suffer mental anguish, loss of capacity for the enjoyment of life, humiliation, embarrassment, shame, fright, disgrace, injury to her feelings, and loss of reputation.

30.     As a direct and proximate result of the aforementioned actions and omissions of the TROOPER, Plaintiff, BURSE'S constitutional rights were violated and Plaintiff suffered injuries and damages. Plaintiff seeks recovery from TROOPER all damages to which she may be entitled under federal law for the injuries and damages she sustained and which include, but are not limited to, the following:

  a. Emotional Pain and Suffering of a past, present and future nature;

  b. Loss of Enjoyment of Life of a past, present and future nature;

  c. Loss of Earning Capacity of a past, present and future nature;

  d. Punitive damages against Defendant, TROOPER;

  e. Pre and Post-Judgment Interest;

  f. Statutory and Discretionary Costs;

  g. Attorney's fees;

  h. All such further relief, both general and specific, to which she may be entitled under the premises.

## COUNT II – SECTION 1983 POLICY VIOLATION AGAINST GUALTIERI

31.     Plaintiff re-alleges and incorporates by reference the allegations contained in paragraphs 1- 23 above, and further alleges:

32.     Defendant, GUALTIERI, has the final policymaking authority with regards to the Pinellas County Sheriff's Department and the Pinellas County Jail. Defendant, GULATIERI, can be sued directly under § 1983 when one of its customs, practices, or policies causes a constitutional injury.

33.     Pinellas County Sheriff's Office has a "hold policy." Under this policy, even if a DUI arrestee's breathalyzer test results are 0.000, and even if there is no indication that the arrestee is under the influence of a controlled substance, he/she still must wait eight hours from the time of the arrest to be released—even if he/she posts bond.

34.     Plaintiff, BURSE, was unlawfully detained pursuant to the Sheriff's hold policy, which violates the Fourth Amendment because it requires continued detention even where, as here, there is no probable cause for such detention.

35.     The "hold policy" was the "moving force" behind the injury.

36.     As a direct and proximate result of the aforementioned actions and omissions of GUALTIERI, Plaintiff, BURSE'S constitutional rights were violated and Plaintiff suffered injuries and damages. Plaintiff seeks recovery from GUALTIERI all damages to which she may be entitled under federal law for the injuries and damages she sustained and which include, but are not limited to, the following:

    a.     Emotional Pain and Suffering of a past, present and future nature;

    b.     Loss of Enjoyment of Life of a past, present and future nature;

    c.     Loss of Earning Capacity of a past, present and future nature;

d.      Pre and Post-Judgment Interest;

e.      Statutory and Discretionary Costs;

f.      Attorney's fees;

g.      All such further relief, both general and specific, to which she may be entitled under the premises.

## STATE LAW CLAIMS

## COUNT III – STATE LAW FALSE ARREST AGAINST TROOPER

## (BAD FAITH, WILLFUL AND WANTON)

37.     The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 23.

38.     At all times relevant herein, Defendant, TROOPER, acted with the intention of confining the Plaintiff within fixed boundaries. The acts directly or indirectly resulted in confinement, and the Plaintiff was conscious of the confinement.

39.     Defendant, TROOPER, acted in bad faith and with malicious purpose as the Plaintiff had committed no illegal acts.

40.     The Defendant, TROOPER's, actions were unreasonable and unwarranted under the circumstances.

41.     As a further direct and proximate result of the acts, omissions, and conduct of the Defendant, TROOPER, the Plaintiff suffered from mental anguish, loss of capacity for the enjoyment of life, humiliation, embarrassment, shame, fright, disgrace, injury to his feelings, and loss of reputation.

42.     As a direct and proximate result of the aforementioned actions and omissions of TROOPER, Plaintiff, BURSE, suffered injuries and damages. Plaintiff seeks recovery from TROOPER of all damages to which she may be entitled under state law for the injuries and damages she sustained and which include, but are not limited to, the following:

     a.    Emotional Pain and Suffering of a past, present and future nature;

     b.    Permanent Impairment of a past, present and future nature;

     c.    Loss of Enjoyment of Life of a past, present and future nature;

     d.    Loss of Earning Capacity of a past, present and future nature;

     e.    Punitive damages against Defendant, TROOPER;

     f.    Post-Judgment Interest;

     g.    Statutory and Discretionary Costs;

     h.    Attorney's fees;

     i.    All such further relief, both general and specific, to which she may be entitled under the premises.

**COUNT IV**

**FALSE ARREST – DEFENDANT, SPAULDING**
**(COURSE AND SCOPE OF EMPLOYMENT)**

43.     The Plaintiff re-alleges each and every allegation as set forth in the factual allegations in counts 1- 23.

44.     Defendant, TROOPER's, actions in holding Plaintiff against her will, without probable cause, without process or authority of law, constitutes wrongful, unlawful false

imprisonment, which is actionable against Defendant, SPAULDING.

45.     The Defendant, TROOPER, knew or had the opportunity to know, and should have known, the false imprisonment of Plaintiff was without legal justification.

46.     Alternatively to Count III, the actions of Defendant, TROOPER, were performed in the course and scope of his employment with the Florida Highway Patrol and without bad faith, malicious purpose and not in a manner exhibiting wanton and willful disregard of human rights, safety and property.

47.     As a direct and proximate result of the acts of Defendant, TROOPER, Plaintiff was detained, confined in a police cruiser, brought to jail, booked and incarcerated all resulting in her being forced to suffer mental anguish, loss of capacity for the enjoyment of life, humiliation, embarrassment, shame, fright, disgrace, injury to her feelings, and loss of reputation.

48.     Defendant, TROOPER's, conduct is actionable against Defendant, SPAULDING pursuant to § 768.28, Fla. Stat. (2016).

49.     As a direct and proximate result of the aforementioned actions and omissions of SPAULDING, Plaintiff, BURSE, suffered injuries and damages. Plaintiff seeks recovery from SPAULDING of all damages to which she may be entitled under state law for the injuries and damages she sustained and which include, but are not limited to, the following:

      a.     Emotional Pain and Suffering of a past, present and future nature;

      b.     Permanent Impairment of a past, present and future nature;

      c.     Loss of Enjoyment of Life of a past, present and future nature;

      d.     Loss of Earning Capacity of a past, present and future nature;

      e.     Post-Judgment Interest;

f.       Statutory and Discretionary Costs;

g.       Attorney's fees;

h.       All such further relief, both general and specific, to which she may be entitled

under the premises.

### **DEMAND FOR JURY TRIAL**

Plaintiff demands trial by Jury on all counts and issues triable by jury as a matter of right.

**RESPECTFULLY SUBMITTED** this 30th day of December 2020.

**MICHAEL P. MADDUX, P.A.**


_**s/Michael P. Maddux**_____
Michael P. Maddux, Esquire
Florida Bar Number: 964212
Trial Counsel for Plaintiff
2102 West Cleveland Street
Tampa, Florida 33606
Telephone: (813) 253-3363
Facsimile: (813) 253-2553
E-Mail: mmaddux@madduxattorneys.com
jsalter@madduxattorneys.com
ctonski@madduxattorneys.com